

Todd C. Schiltz
302-467-4225 Direct
302-467-4201 Fax
Todd.Schiltz@dbr.com

*Law Offices*
222 Delaware Avenue
Suite 1410
Wilmington, DE
19801-1621

302-467-4200
302-467-4201 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
TEXAS
WASHINGTON D.C.

October 25, 2018

**DELIVERED VIA THE COURT'S ECF SYSTEM**

The Honorable Maryellen Noreika
United States District Court for the District
of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re: *Christopher James Walker v. Humana Pharmacy, Inc.*,
Case No. 1:18-cv-01022-MN (D. Del.)

Dear Judge Noreika:

Pursuant to Section 7(g)(iii) of the Stipulated Scheduling Order (Dkt. 13) and the Court's October 16, 2018 Order (Dkt. 15), defendant Humana Pharmacy, Inc. ("Humana Pharmacy") submits this letter regarding its dispute with plaintiff Christopher James Walker ("Walker," together with Humana Pharmacy, the "Parties") over the terms of a stipulated protective order. Enclosed as Exhibit A with this letter is a copy of Humana Pharmacy's proposed protective order (the "Proposed Order"). The Court scheduled a telephonic hearing on this matter for October 29, 2018, at 10:00 a.m.

## I. BACKGROUND

On October 9, 2018, counsel for Humana Pharmacy sent counsel for Walker a draft proposed protective order addressing the treatment of confidential, proprietary, trade secret, and/or commercially sensitive information. Counsel for Walker provided a revised version in response with several proposed changes. After a meet and confer and subsequent discussions, the Parties reached agreement on all but one provision of the Proposed Order. Specifically, the Parties are at an impasse regarding Section 5(d)(3), which reads as follows:

> Counsel for Plaintiff is expressly prohibited from personally contacting, or having someone else contact, by telephone, email, in-person, facsimile, written correspondence, or in any other manner, any putative class member without the prior express written consent of Counsel for Defendant or if expressly authorized by Court Order.

*Established* 1849

DrinkerBiddle&Reath LLP

The Honorable Maryellen Noreika
October 25, 2018
Page 2

As explained in more detail below, Humana Pharmacy contends that Section 5(d)(3) is both common and appropriate in class actions generally and specifically in Telephone Consumer Protection Act ("TCPA") class actions,[1] and respectfully requests that the Court enter the Proposed Order with the provision included. Walker contends this language should not be included in the Proposed Order.

## II. DISCUSSION

As is common in TCPA class actions, during discovery Walker likely will seek call logs and other Humana Pharmacy documents that include personal identifying information of putative class members. Many courts have recognized that such information is of limited if any relevance prior to certification and should be protected from disclosure prior to plaintiff's counsel being appointed as counsel for the class. *See, e.g., Ketch, Inc. v. Heubel Material Handling, Inc.*, No. 11-cv-12, 2011 U.S. Dist. LEXIS 111300 (W.D. Okla. Sept. 28, 2011) (finding that information regarding the identity of recipients was "irrelevant, unnecessary, and unduly burdensome" prior to certification). Indeed, "[i]n order to avoid converting the class action mechanism into a tool to identify potential new clients, courts ordinarily will not permit the putative class counsel to obtain discovery of class members' identities at the precertification stage." 2 MCLAUGHLIN ON CLASS ACTIONS § 11.1, at 11-4 (4th ed. 2007). Seeking to preemptively compromise and avoid an inevitable discovery dispute, Humana Pharmacy is prepared to provide such information to Walker's counsel prior to certification, as long as the information is protected by the above-noted clause. Plaintiff has refused.

Courts addressing the relevance of putative class members' personal identifying information have taken varied approaches. Some have found that the information should be withheld completely. *See, e.g., Ketch, Inc.*, 2011 U.S. Dist. LEXIS 111300; *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 597 (S.D. Cal. 2014) (finding that production of an outbound call list was not warranted because a less intrusive means of discovering information relevant to certification issues existed). Other courts have found that, while lists containing telephone numbers may be relevant, identification of class members would be premature and, accordingly, have ordered that any identifying information should be redacted until a class has been certified. *See, e.g., Knutson v. Schwan's Home Serv.*, No. 12-cv-964, 2013 U.S. Dist. LEXIS 103094, at *4 (S.D. Cal. July 23, 2013) (". . . [T]he

---

[1] Counsel for Humana Pharmacy has routinely obtained entry of inclusion of similar prohibitions on contact between plaintiff's counsel and putative class members prior to certification in TCPA class actions over objection from plaintiff's counsel. *See, e.g.,* Order, *Carradine Chiropractic Center, Inc. v. Sunwing Airlines, Inc., et al.*, No. 14-cv-01583 (N.D. Ohio Nov. 19, 2014), ECF No. 27; and Order, *Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc., et al.*, No. 13-cv-2085 (N.D. Ohio Aug. 19, 2014), ECF No. 62. Both Orders are enclosed as Exhibit B.

94463277.1

**Drinker Biddle & Reath LLP**

The Honorable Maryellen Noreika
October 25, 2018
Page 3

Court finds the list of numbers is relevant, the names associated with the numbers are not relevant at this time. Therefore, Schwan's is permitted to redact the names . . .").

Finally, many courts have instead opted for the resolution that Humana Pharmacy now proposes: ordering production of putative class members' personal identifying information subject to certain limitations including a requirement that plaintiff's counsel obtain approval from the defendant or the court prior to contacting putative class members precertification. *See Webb v. Healthcare Revenue Recovery Group, LLC*, No. 13-cv-737, 2014 U.S. Dist. LEXIS 11091, at *10 (N.D. Cal. Jan. 29, 2014) (". . . [C]ounsel for Webb is prohibited from using HRRG's call list to contact putative class members without court approval."); *Mbazomo v. ETourandTravel, Inc.*, No. 16-cv-2229, 2017 U.S. Dist. LEXIS 82411 (E.D. Cal. May 26, 2017) (granting defendant's request to prohibit plaintiff from contacting prospective class members and ordering that the call lists may only be used for the instant action).

Humana Pharmacy's proposed language in Section 5(d)(3) strikes an appropriate balance between Walker's interest in obtaining information that he would like to see but that many courts have recognized is not relevant at this stage, the putative class members' privacy interests, and Humana Pharmacy's interest in ensuring that the putative class members' personal identifying information is used only for proper purposes. This balance is in accord with other consumer class action cases wherein courts have been hesitant to order parties to produce personal information that could be used to solicit more plaintiffs. *See Tiger v. Dynamic Sports Nutrition, LLC*, No. 15-cv-1701, U.S. Dist. LEXIS 48451, at *13 (M.D. Fla. April 11, 2016) (denying the plaintiff's request for information to identify potential class members citing "concern" that the plaintiff wanted the "information to solicit other people to join the suit as potential class representatives"); *Hankinson v. RTG Furniture Corp.*, No. 15-cv-81139, 2016 U.S. Dist. LEXIS 40365, at *6 (S.D. Fla. Mar. 28, 2016) ("Discovery of class members' identities prior to class certification is not favored where plaintiffs' attorneys may be seeking the information to solicit new clients rather than to establish the propriety of certification.").

### III.  CONCLUSION

Humana Pharmacy proposed including Section 5(d)(3) to preempt a dispute over Walker's access to the personal identifying information of putative class members prior to certification. Even though Walker does not have a clear right to access such information precertification, he refuses to agree to a widely-used provision that would merely require him to obtain approval from the Court or Humana Pharmacy before contacting putative class members prior to certification. Accordingly, Humana Pharmacy respectfully requests that the Court overrule Walker's objection to Section 5(d)(3) and enter the Proposed Order.

DrinkerBiddle&Reath
LLP

The Honorable Maryellen Noreika
October 25, 2018
Page 4

Respectfully submitted,

Todd C. Schiltz (ID No. 3253)

TCS/cec
Enclosures
cc: Christopher P. Simon (by CM/ECF)

94463277.1